1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRADLEY J. S.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C22-5215 RSM

**ORDER AFFIRMING AND
DISMISSING THE CASE**

      Plaintiff appeals the ALJ's 2022 denial of his applications for Disability Insurance Benefits and Supplemental Security Income.  Plaintiff contends the ALJ erred by improperly rejecting his symptom testimony. Dkt. 10, at 1.  As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**BACKGROUND**

      This is the fourth time Plaintiff seeks review of his 2012 applications for Disability Insurance Benefits and Supplemental Security Income.  In June 2014, Administrative Law Judge ("ALJ") Tom Morris found Plaintiff not disabled.  Administrative Record ("AR") 7–25.  Plaintiff sought review in this Court, and in 2016, this Court reversed ALJ Morris's decision and remanded the matter for further consideration of the ALJ's findings at step two, the medical opinion evidence, and Plaintiff's testimony regarding his ulcerative colitis.  AR 585–92.  On

ORDER AFFIRMING AND DISMISSING
THE CASE - 1

remand, ALJ Morris conducted two hearings where Plaintiff requested a closed period of disability from June 1, 2012, through December 31, 2015.  AR 462, 1886.  ALJ Morris issued a decision in January 2018 again finding Plaintiff not disabled.  AR 434–56.  Plaintiff again appealed the ALJ's decision, and in December 2018, this Court reversed the ALJ's decision for further consideration of the medical opinion evidence by a new ALJ.  AR 1391–98.

On remand, ALJ Glenn Meyers held a hearing and took testimony from medical expert Dr. Ashok Jilhewar.  AR 1328–63.  ALJ Meyers issued a decision in February 2020, finding Plaintiff not disabled.  AR 1924–44.  Plaintiff appealed the ALJ's decision, and in December 2020, this Court reversed the ALJ's decision in part to clarify the relevant period and reevaluate the medical opinion evidence.  *See* AR 1950–60.  On January 25, 2022, ALJ Meyers held a hearing on remand where Plaintiff confirmed that the relevant period is June 1, 2012, through December 31, 2015.  AR 1915.  In February 2022, ALJ Meyers issued a decision again finding Plaintiff not disabled.  AR 1183–1902.  Plaintiff now seeks judicial review of the ALJ Meyers's 2022 decision, contending only that the ALJ did not provide a clear and convincing reason to reject his symptom testimony.  Dkt. 10, at 2–4.

## DISCUSSION

The Court may reverse ALJ Meyer's decision only if it is legally erroneous or not supported by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*, 950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

At the 2022 hearing before ALJ Meyers, Plaintiff testified to having difficulty with long standing and walking, as well as stomach pain and cramps.  AR 1916.  Plaintiff stated that because of these symptoms, he typically had to take three to four breaks during an eight-hour workday so he could lie or sit down and refrain from moving.  AR 1917.  Plaintiff explained the breaks were often unpredictable and each would last 30 minutes to an hour.  AR 1916.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only reject the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

A claimant's testimony contradicting the medical record is such a reason.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).  Here, in rejecting Plaintiff's testimony, the ALJ cited Dr. Jilhewar's testimony and Plaintiff's treatment notes showing his symptoms were managed during the relevant period.  AR 1893–94.

During the 2020 hearing, Dr. Jilhewar testified that based on a review of Plaintiff's records, Plaintiff is capable of "standing and walking for six hours in any combination in an eight-hour workday" with normal breaks, as well as sitting for up to six hours a day.  *See* AR 1346.  The treatment notes relied on by both Dr. Jilhewar in formulating his opinion and the ALJ in rejecting Plaintiff's testimony show Plaintiff reported improvement or denied abdominal pain or cramps during the relevant period.  For example, in a March 2013 appointment, a month after Plaintiff was prescribed medication, Plaintiff reported that he was "doing much better," Plaintiff's abdominal pain and cramps were noted as having been "resolved," and his abdomen was observed as "soft, nontender," and without rigidity or guarding.  *See* AR 405–06.  In a

November 2013 appointment, Plaintiff reported that he was "doing well," his gastrointestinal

findings were normal, and his doctor asked that he continue his medication.  AR 394–95.  The

following month, Plaintiff reported that he was "reasonably pleased with how he is doing at the

present time," and that he was experiencing "small amounts of cramps."  AR 391.  In September

2014, Plaintiff reported that his symptoms were doing "much better," and on good days, he "does

not have any . . . pain, or cramps."  *See* AR 831.  In October 2015, Plaintiff denied abdominal

pain or cramps.  AR 824–25.  The record also indicates Plaintiff experienced symptoms if he was

not compliant with his dietary recommendations.  For example, in April 2015, when Plaintiff

presented for an evaluation of abdominal pain and diarrhea, he explained that "symptoms started

when he was eating really poorly for about a month," but that when he eats well, his symptoms

improve.  *See* AR 828.  Notably, Plaintiff reported having an upset stomach but described that it

was "not real pain."  *See id.*  Given that the cited treatment notes during the relevant period

shows Plaintiff either explicitly denied stomach pain or cramps, or that the symptoms improved

from medication, especially when Plaintiff was compliant with his diet, the ALJ could

reasonably reject plaintiff's testimony for its inconsistency with the medical evidence.

The ALJ could also reasonably reject Plaintiff's testimony based on his activities during

the relevant period.  AR 1895.  An ALJ may discount a claimant's symptom testimony when it is

inconsistent with the claimant's general activity level.  *See Molina*, 674 F.3d at 1112–13;

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007).  Here, Plaintiff reported going to

casinos, playing basketball, and going to the gym two to three times a week to walk and jog.  AR

378 ("extended gambling spree starting in Las Vegas … which parlayed into weeks of gambling

here at regional casinos"), 354, 831, 1048.  Plaintiff's ability to partake in these activities

undermines his testimony regarding his difficulty with long standing and walking, thus the Court

1  cannot say that the ALJ erred in rejecting Plaintiff's testimony based on its inconsistency with

2  his activities.

3        In sum, because the ALJ provided at least one clear and convincing reason, supported by

4  substantial evidence, to reject Plaintiff's testimony, the Court accordingly finds that the ALJ did

5  not err and affirms the ALJ's decision.

6                                    **CONCLUSION**

7        For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this

8  case is **DISMISSED** with prejudice.

9        DATED this 30th day of August, 2022.

10

11

12        RICARDO S. MARTINEZ
           CHIEF UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

ORDER AFFIRMING AND DISMISSING
THE CASE - 5